# IN THE CIRCUIT COURTFOR PRINCE GEORGE'S COUNTY MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 13 P 2: 31

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| **YVONNE ALSTON**<br>10012 Cedarhollow Lane<br>Largo, MD 20774<br><br>Plaintiff,<br><br>v.<br><br>**RBS CITIZENS, N.A. aka Citizens Bank**<br>**Serve:**  Corporation Service Company<br>222 Jefferson Boulevard, Suite 200<br>Warwick, RI 02888<br><br>Defendant. | CIVIL ACTION NO. ____<br>**JURY TRIAL DEMANDED**<br><br>CA13-22242<br><br>JKB 13 CV 2675 |

## COMPLAINT

COMES NOW the Plaintiff, Yvonne Alston, and for her complaint against the Defendant

RBS Citizens, N.A. ("RBS") alleges as follows:

### Preliminary Statement

1.     This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act or FCRA).

### PARTIES

2.     Plaintiff Yvonne Alston is a natural person and resides in the State of Maryland.

She is a "person" and "consumer" as defined by the FCRA, 15 U.S.C. §1681a(b) and (c).

3.     Defendant RBS provides commercial banking services including credit card

products.

### FACTS

4.     RBS is reporting to the credit bureaus that Ms. Alston has a credit card account.

The reporting states that the account had a delinquent balance of at least $13,674, which was

written off.

1

5.    The reporting was false because Ms. Alston did not open the subject account and did not use the credit card.

6.    Ms. Alston disputed the account with at least one credit bureau within the past two years. Upon information and belief the credit bureau(s) forwarded the dispute letters to RBS.

7.    In her dispute letters Ms. Alston advised RBS that she did not open the account nor did she use the account.

8.    RBS did not take any reasonable steps in its investigation of Ms. Alston's dispute to verify that she actually created the account or used the credit card.

9.    Upon information and belief RBS is no longer in possession of the original application but failed to notify the credit bureau(s) that it could not verify with certainty that Ms. Alston signed the original application that opened the account.

## COUNT ONE: VIOLATION OF FCRA

10.    Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set out herein.

11.    RBS both negligently and intentionally violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the RBS credit card account.

12.    The Defendant had many opportunities to correct its reporting of the account. If the Defendant had taken the time to perform a reasonable investigation it would have concluded that it could not verify Ms. Alston signed the application creating the account. To the contrary, the Defendant did not perform a reasonable investigation and confirmed the account as belonging to Ms. Alston despite not being able to verify Ms. Alston's signature on the application.

13.     Said actions of the Defendant were done negligently or with a reckless disregard for Ms. Alston's rights under the FCRA at §1681s-2(b)(1)(D) & (E). The Defendant had an obligation to reasonably investigate and delete the account after receiving Ms. Alston's dispute. Thereafter, the Defendant was also obligated to correctly report the results of an accurate investigation to each credit reporting agency. The Defendant did not modify, delete or block the reporting of the account but continues to report the account.

14.     RBS' conduct has caused the Plaintiff's (a) credit to suffer, (b) mental and emotional state to suffer, and (c) money and time to be expended.

15.     RBS' violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, RBS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

16.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from RBS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## PRAYER FOR RELIEF

WHEREFORE, your Plaintiff prays for judgment for actual, statutory and punitive damages against RBS; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

YVONNE R. ALSTON

By _Yvonne R. Alston_
Yvonne R. Alston, Pro Se
10012 Cedarhollow Ln
Largo, MD 20774
(301) 350-5780

3